IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID M. WASANYI,

          Plaintiff,

v.                              CIVIL ACTION NO.  2:23-cv-00575

ARAMARK SERVICES INCORPORATED, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Defendant Aramark Services Incorporated's ("Aramark") motion to dismiss Plaintiff David Wasanyi's ("Plaintiff") Complaint. (ECF No. 24.)  The Complaint asserts claims against Defendant Aramark and its former employee, Defendant Britany Hill ("Hill") (collectively, the "Defendants").  Specifically, Plaintiff brings two constitutional claims against Defendants under 42 U.S.C. § 1983: (1) an Eighth Amendment claim for deliberative indifference to unsafe and unhygienic work conditions, (ECF No. 1 at 3–5), and (2) a First Amendment retaliation claim stemming from his complaints about those same allegedly unsafe and unhygienic work conditions, (*id.* at 5–6).

    By Standing Order entered in this case on August 28, 2023, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition (PF&R").  (ECF No. 3.)  Magistrate Judge Tinsley entered his PF&R on July 2, 2024, recommending that the Court grant Aramark's motion to dismiss for failure to state a plausible claim for relief.  (ECF No. 42.)  Additionally, the PF&R recommends that

this Court dismiss the Complaint in its entirety for failure to properly exhaust available administrative remedies as to all Defendants. (*Id.*) On July 16, 2024, Plaintiff filed timely objections to the PF&R. (ECF No. 43.)

For the reasons discussed more fully herein, the Court **OVERRULES** Plaintiff's objections, (ECF No. 43), and **ADOPTS** the PF&R, (ECF No. 42), and **DISMISSES** this matter **WITHOUT PREJUDICE**.

## I. BACKGROUND

A detailed recitation of the facts of this action can be found in Magistrate Judge Tinsley's PF&R, (ECF No. 42), and therefore need not be repeated here.

## II. STANDARD OF REVIEW

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Smith v. Nuth*, 1996 WL 593792 (4th Cir. Oct. 16, 1996) ("Because general objections do not direct the court's attention to any specific portions of the [PF&R], general objections . . . are tantamount to a failure to object."). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will

be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III.  DISCUSSION

Plaintiff presents four enumerated "objections" to the PF&R. Only the third objection points to a specific alleged error in PF&R, while the first, second, and fourth objections do not identify any specific error in the Magistrate Judge's proposed findings and recommendations. Each objection is addressed in turn.

#### A. First and Second Objections

Plaintiff's first and second objections are not, in fact, objections to the PF&R. After a careful review of these portions Plaintiff's objections, the Court cannot discern any specific alleged error in the Magistrate Judge's proposed findings and recommendations. (*See* ECF No. 43 at 1–6.) Plaintiff simply makes conclusory claims that Aramark had a duty to provide safe food, and failed to do so in violation federal law, (*id.* at 1–2), and that the Complaint set forth valid constitutional claims that will become sufficiently clear during discovery, (*id.* at 4). These are the same arguments he made in his response and unauthorized sur-reply to Aramark's motion to dismiss, and they are consequently the same arguments that the Magistrate Judge already addressed in the PF&R. This is further demonstrated by the fact that six of the nine paragraphs comprising the first objection are copied directly from Plaintiff's response to the motion to dismiss, (*compare* ECF No. 43 at 2–4, *with* ECF No. 28 at 10–11), as are half of the paragraphs comprising the second objection, (*compare* ECF No. 43 at 5–6, *with* ECF No. 28 at 7–8). Because the Plaintiff simply rehashes arguments from previous pleadings without pointing to specific errors in the PF&R, the first two objections amount to nothing more than "conclusory and general" objections that the Court need not review *de novo*. *See Orpiano*, 687 F.2d at 45–46.

Therefore, the Court **OVERRULES** Plaintiff's first and second objections.

B. *Third Objection*

Plaintiff next objects to the Magistrate Judge's recommendation that the Court dismiss the Complaint in its entirety for failure to exhaust all available administrative remedies. (*See* ECF No. 43 at 6.) Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. *See* 42 U.S.C. § 1997e(a). To that end, each state is responsible for adopting its own administrative grievance procedures. *See* 42 U.S.C. § 1997e(b). Because Plaintiff is a West Virginia inmate, the applicable grievance process is outlined in West Virginia Department of Corrections and Rehabilitation ("WVDCR") Policy Directive 335.00.

The grievance review process has three levels. First, the Unit Manager is responsible for responding to an inmate's grievance. WVDCR Policy Directive 335.00(IV)(G). If an inmate disagrees with the Unit Manager's response, he may appeal that decision to the Superintendent. WVDCR Policy Directive 335.00(V). Then, if the inmate believes that the Superintendent's response does not fully resolve his grievance, he may submit an appeal to the Commissioner of the WVDCR. WVDCR Policy Directive 335.00(VI). This three-level process must be completed for the issue stated in the grievance in order to successfully exhaust all administrative remedies.

The directive also establishes certain ground rules for filing grievances. Of relevance here, inmates may only address "one . . . issue or complaint per form," and each grievance must be filed within 15 days of the occurrence that caused him to file the grievance. WVDCR Policy Directive 335.00(IV). Importantly, the policy does not limit the number of grievances an inmate may file at any one time. *See generally* WVDCR Policy Directive 335.00. Further, for each

grievance filed, inmates may attach an additional single-sided page to the grievance form to more fully describe the facts and issues relating to his grievance. WVDCR Policy Directive 335.00(IV)(F).

Here, Plaintiff completed a single grievance form that alleged deliberately indifferent treatment by Hill based on his race, which included retaliation for confronting Hill about this same deliberately indifferent treatment.[1] (*See* ECF No. 1-1 at 3.) As the PF&R correctly notes, "careful review of *this* grievance suggests that it was properly exhausted through all three levels of the WVDCR grievance process, as the initial response by the Unit Manager was timely affirmed by both the Superintendent and the Commissioner." (ECF No. 42 at 13.) As such, Plaintiff appears to have effectively exhausted his administrative remedies as to his deliberately indifferent treatment based on race.

Yet, his Complaint curiously contains no reference to race or racial discrimination. Instead, Plaintiff builds his claims on facts not directly related to his grievance: the alleged unsanitary and unsafe kitchen conditions, and the related retaliation by Hill when he reported those conditions to her. While "grievances are not required to rehearse the legal arguments and claims later asserted against the defendants in a lawsuit[,]" they are "expected to address the subject matter of [a prisoner's] potential claims." (ECF No. 42 at 12 (citing *Lowe v. Johnson*, No. 2:17-cv-02345, 2018 WL 4222829, at *8 (S.D.W. Va. Aug. 13, 2018), *report and recommendation adopted*, 2018 WL 4212416 (S.D.W. Va. Sept. 4, 2018)). Racial discrimination is far afield from unsanitary or unsafe kitchen conditions. Thus, because Plaintiff never filed a grievance related to the First and Eighth Amendment claims set forth in his Complaint, he has failed to exhaust his remedies related

---

[1] The Court notes that Plaintiff completed the 2020 version of the WVDCR inmate grievance form rather than the 2022 version that was effective when he initiated his grievance. However, the two forms do not differ in their substance.

5

to those claims.

Nevertheless, Plaintiff claims that the Magistrate Judge also adopted a view of the inmate grievance procedure that was contrary to West Virginia law,[2] which resulted in the erroneous conclusion that Plaintiff had not exhausted his remedies.  (*Id.*)  In the Plaintiff's view, the form used by the Charleston Correction Center and Jail limited his ability to describe the nature of his grievances in detail, and he should therefore not be penalized for failing to include references to the unhygienic and unsafe kitchen conditions.  (*Id.*)  Specifically, Plaintiff contends that the grievance form only provided three lines on which he could describe his complaint and only permitted him to attach one page, which meant that he could not fully elaborate on the details of the incident or incidents which gave rise to his grievance.  (*See* ECF Nos. 43 at 6 and 30 at 2.)  The Court disagrees.

As Plaintiff acknowledged in his pleadings, WVDCR policy allowed him to elaborate on the facts surrounding his grievance by attaching an additional page to his grievance.  WVDCR Policy Directive 335.00(IV)(F).  Plaintiff chose not to do so.  Similarly, he could have filed separate grievances regarding the unhygienic kitchen conditions, unsafe work environment, the alleged retaliation by Hill based on his race, and the retaliation by Hill for reporting the unsanitary and unsafe kitchen conditions.  Indeed, the WVDCR policy limiting grievances to one issue or complaint per form likely required him to do so in order to effectively pursue administrative remedies for all of the claims alleged in the Complaint.  At bottom, Plaintiff's failure to grieve

---

[2]  Although Plaintiff claims that the procedure runs afoul of West Virginia Code of State Rules § 90-9-4, that regulation was repealed in March of 2016, well before Plaintiff filed his grievance. *See* Regular Session 2016, Acts of the Legislature of West Virginia at 1165–67, available at https://www.wvlegislature.gov/legisdocs/publications/acts/Acts_2016_Vol_2.pdf (last accessed September 16, 2024).  Plaintiff does not cite, and the Court could not find, any other state law or regulation that could have been violated by CCCJ's inmate grievance procedure, including the grievance form itself.

any facts relating to the kitchen conditions and retaliation for reporting them was not a byproduct of unlawful limitations imposed by the WVDCR grievance process.

Accordingly, because Plaintiff, at most, exhausted his administrative remedies only as to claims of deliberate indifference based on his race and retaliation for reporting the same, his third objection is **OVERRULED**.[3]

### C. Fourth Objection

Plaintiff's fourth objection discusses his alleged "loss of income, pain and suffering" resulting from being terminated from his kitchen position on July 11, 2023, and consequently having to complete another 30-day period of community service. (ECF No. 43 at 7–8; *see also* ECF Nos. 1-1 at 6, 28 at 4). This objection fairs no better than the first two. Not only does Plaintiff fail to identify any error in the PF&R, but his objection focuses solely on the remedy he seeks for his First Amendment retaliation claim. Because the underlying First Amendment claim fails for the reasons discussed in the previous section, Plaintiff has no avenue to remedies for that claim. Accordingly, Plaintiff's fourth objection to the PF&R is **OVERRULED**.

### IV.   CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the PF&R, (ECF No. 42), **OVERRULES** Plaintiff's objections, (ECF No. 43), and **GRANTS** Defendant Aramark's motion to dismiss, (ECF No. 24). The Court also **DISMISSES**, *sua sponte*, all claims against Defendant Hill, and **DISMISSES** this matter **WITHOUT PREJUDICE**.

---

[3] Because the grievance does not cover the same subject matter as the complaint, the Magistrate Judge recommended dismissing the Complaint against Hill, who has not been served with process or made an appearance in this case. (ECF No. 42 at 13 n.6.) To be sure, the Court may *sua sponte* dismiss a complaint when the failure to exhaust administrative remedies is apparent from the face of the complaint. *See Custis v. Davis*, 851 F.3d 358, 361–62 (4th Cir. 2017). Here, viewing the alleged facts in the complaint and incorporated grievance as true, it is clear that Plaintiff did not exhaust his administrative remedies as to the unsanitary or unsafe kitchen conditions nor for any retaliation that occurred when he reported those conditions.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 24, 2024

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE